UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JAMES HOLLINGSWORTH, individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> PJ HOLDINGS KY, LLC, PJ OPER-ATIONS, LLC, PJ OPS COLORADO, LLC, PJ OPS IDAHO, LLC, PJ OPS KANSAS, LLC, PJ OPS LOUISIANA, LLC, PJ OPERATIONS MINNESOTA, L.L.C., PJ OPS NEW YORK, LLC, PJ WEST FARGO, LLC, and PJ ACQUIS-ITIONS, LLC, <br><br> Defendants. | Case No. 2:17-cv-02590 <br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff James Hollingworth, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants, alleges as follows:

1. During times relevant, Defendants have together owned and operated at least 31 Papa John's franchise stores, including stores located in Kansas, Colorado, Idaho, Kentucky, Louisiana, Minnesota, New York, North Dakota, Tennessee and Virginia. Defendants have employed delivery drivers who use their own automobiles to deliver pizza and other food items to customers. Instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants have used a flawed method to determine reimbursement rates that provides such an unreasonably

low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff James Hollingsworth brings this lawsuit as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Papa John's stores.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiff at a Papa John's store they own and operate in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5. Defendants PJ Holdings KY, LLC, PJ Operations, LLC, PJ OPS Colorado, LLC, PJ OPS Idaho, LLC, PJ OPS Kansas, LLC, PJ OPS Louisiana, LLC, PJ Operations Minnesota, L.L.C., PJ OPS New York, LLC, PJ West Fargo, LLC and PJ Acquisitions, LLC are Kentucky limited liability companies, which all maintain their principal place of business at the same office suite, 1999 Richmond Rd., Suite 300, Lexington, KY, 40502.

6. During times relevant, Defendants PJ Holdings KY, LLC, PJ Operations, LLC, PJ OPS Colorado, LLC, PJ OPS Idaho, LLC, PJ OPS Kansas, LLC, PJ OPS Louisiana, LLC, PJ Operations Minnesota, L.L.C., PJ OPS New York, LLC, PJ West Fargo, LLC and PJ Acquisitions, LLC together operated Papa John's stores within this District.

7. Defendants have comprised a single integrated enterprise and have jointly operated approximately 31 or more Papa John's franchise stores as they maintain interrelated operations, centralized control of labor relations, common management, common ownership and common financial control. Ultimately all such control is held by Defendants' majority owner, Tom Wylie.

8. Alternatively, because the work performed by Plaintiff and all other delivery drivers simultaneously benefited all Defendants and / or directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer."

9. Plaintiff James Hollingsworth was employed by Defendants from approximately June to September 2017 as a delivery driver at their Papa John's store at 2830 South Seneca, Wichita, Kansas, 67217, which is located within this District. Plaintiff Hollingsworth's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as Exhibit 1.

## General Allegations

*Defendants' Business*

10. During times relevant, Defendants have owned and operated approximately 31 or more Papa John's franchise stores in Kansas, Colorado, Idaho, Kentucky, Louisiana, Minnesota, New York, North Dakota, Tennessee and Virginia.

11. Defendants' Papa John's stores employ delivery drivers who all have the same primary job duty - to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Reimbursement Policy*

12. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

14. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but given the distance of the average delivery the per-delivery reimbursement equates to a per-mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

15. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

16. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of owning and operating a sedan ranged between $.574 and $.608 per mile between 2013 and 2016 for drivers who drive a sedan approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas during the recovery period.

17. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

19. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

20. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

21. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of their delivery drivers' automobile expenses.

*Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

22. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23. Plaintiff Hollingsworth was paid $7.25 per hour during his employment with Defendants, including a tip credit applied to the time he spent delivering pizzas.

24. The federal minimum wage has been $7.25 per hour since July 24, 2009.

25. Defendants' per-delivery reimbursement rate at Plaintiff Hollingsworth's store was approximately $1.00, which, on information and belief, was consistent with the reimbursement rates at Defendants' other stores.

26. Throughout his employment with Defendants, Plaintiff Hollingsworth experienced an average delivery distance of approximately 6 miles or more.

27. Thus, during the applicable limitations period, Defendants' average effective reimbursement rate for Plaintiff Hollingsworth was approximately $0.17 per mile ($1.00 per delivery / 6 miles per delivery) or less.

28. During this same time period, the lowest IRS business mileage reimbursement rate was $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using that IRS rate as a reasonable approximation of Plaintiff Hollingsworth's automobile expenses, every mile driven on the job decreased his net wages by approximately $.365 ($.535 - $.17) per mile. Considering Plaintiff Hollingsworth's estimate of about 6 average miles per delivery, Defendants under-reimbursed him about $2.19 per delivery ($.365 x 6 miles) or more.

29. During his employment by Defendants, Plaintiff Hollingsworth typically averaged approximately 2 deliveries per hour.

30. Thus, comparing Defendants' reimbursement rate to the IRS rate, Plaintiff Hollingsworth consistently "kicked back" to Defendants approximately $4.38 per hour ($2.19 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $2.87 ($7.25 per hour - $4.56 kickback) or less.

31. All of Defendants' delivery drivers had similar experiences to those of Plaintiff Hollingsworth. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

32. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

33. While Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

34. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

35. The net effect of Defendants' flawed reimbursement policy is that they willfully fail to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Collective Action Allegations

36. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

37. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail.

39. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. They have delivered pizzas and food items using automobiles not owned or maintained by Defendants;

c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938**

40. Plaintiff reasserts and re-alleges the allegations set forth above.

41. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

42. Defendants are subject to the FLSA's minimum wage requirements because they constitute an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

43. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

44. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

45. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

46. As alleged herein, Defendants have uniformly reimbursed, and continue to uniformly reimburse, delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

47. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

48. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

49. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

50. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within the later of three years from the date each Plaintiff joins this case or the date that Defendants became the employer of each Plaintiff, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

51. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under

29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

| **PAUL LLP** | **WEINHAUS & POTASHNICK** |
|---|---|
| By: /s/ Richard M. Paul III | Mark Potashnick |
| Richard M. Paul III (KS #17778) | (*pro hac vice* forthcoming) |
| 601 Walnut Street, Suite 300 | 11500 Olive Blvd., Suite 133 |
| Kansas City, Missouri 64106 | St. Louis, Missouri 63141 |
| Telephone: (816) 984-8100 | Telephone: (314) 997-9150 |
| Facsimile: (816) 984-8101 | Facsimile: (314) 997-9170 |
| Rick@PaulLLP.com | markp@wp-attorneys.com |

**ATTORNEYS FOR PLAINTIFF**