UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| CORY EDWARDS,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>PJ OPS IDAHO, LLC, et al,<br><br>Defendants. | Case No. 1:17-cv-00283-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## I. INTRODUCTION

Pending before the Court is a Consent Motion to Consolidate Cases. Dkt. 49. For the reasons set forth below, the Court GRANTS the Motion.

Although the Motion to consolidate is unopposed, after the joint filing, Defendants filed a notice in which they clarified that they do not oppose consolidation of the cases, but they do oppose any amendments to the complaint. This concern regards the final line of the consent motion, which reads, "Accordingly, Plaintiffs respectfully move the Court to grant Plaintiffs' motion to consolidate and for leave to file the attached Consolidated Amended Complaint." Dkt. 49, at 3.

The Court notes that there was no attached Consolidated Amended Complaint, so the Court does not know what amendments Plaintiffs are seeking. If the amended complaint would simply add the name of the consolidated case parties, such is

unnecessary. By its very nature, consolidation means that the two cases merge. The Court deems any and all related parties, claims, and filings in the companion case to be part of the consolidated case.[1]

If, on the other hand, Plaintiffs seek to make other amendments to the Complaint, the Court agrees with Defendants that a separate filing and motion will be necessary to accomplish this. This decision to grant the motion therefore only applies to the consolidation of the two cases, not amendment of the Complaint.

## II. BACKGROUND

On July 5, 2017, Cory Edwards, as named Plaintiff, filed the above captioned case on behalf of himself and those similarly situated against PJ Ops Idaho, LLC, and other "PJ Ops" defendants alleging unpaid minimum wages and unpaid overtime wages for delivery drivers, such as himself. Since the initial filing, numerous plaintiffs have opted into this suit.

On September 8, 2017, Plaintiffs filed a Motion to Conditionally Certify a FLSA Class Action and to Authorize Notice. Dkt. 29. However, before the completion of briefing in that matter, the parties became aware that James Hollingsworth filed a lawsuit

---

[1] As explained in the "ORDER" section of this decision, this case (1:17-cv-00283) will become the lead case in the consolidated action, wherein all future filings will take place. All filings in the other case (1:18-cv-00037) are essentially "incorporated" into this case. There is no need to refile or duplicate anything that has taken place in 1:18-cv-00037 or change the complaint or other documents in 1:17-cv-00283 to match filings in 1:18-cv-00037.

in United States District Court for the District of Kansas based upon the same set of facts and circumstances.[2] The Court and Counsel elected to unofficially "stay" any action in this case until a determination could be reached regarding the Kansas case. On January 23, 2018, the Parties jointly moved the District of Kansas for an order transferring the case to the District of Idaho. The District of Kansas granted the same, and upon transfer to the District of Idaho, the Clerk of the Court transferred that case to the undersigned.

The parties then jointly moved for consolidation of the two cases.

### III. LEGAL STANDARD

Rule 42(a) authorizes a district court to consolidate cases that share "a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation, and in exercising that discretion should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay or expenses that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

### IV. ANALYSIS

As this Motion is uncontested, the Court will not undertake an in-depth analysis of the various factors relied upon when weighing consolidation but will simply note that these cases clearly share common questions of law and fact and consolidation will not cause any prejudice, inconvenience, or undue delay. To the contrary, consolidation will avoid duplicative litigation and be an efficient use of judicial resources.

---

[2] This Kansas case (2:17-cv-02590) is now Idaho Case 1:18-cv-00037-DCN.

To that end, under Rule 42(a), the Court will order these cases consolidated.

## ORDER

**IT IS ORDERED:**

1. The joint Motion to Consolidate Cases (Dkt. 49) is **GRANTED**.

2. Case No. 1:18-cv-00037-DCN, *Hollingsworth v. PJ Holdings KY, LLC et al.,* is hereby CONSOLIDATED with the above captioned case.

3. The Parties will submit any and all future filings only in Case No. 1:17-cv-00283-DCN which is now the lead case. The Parties will use the case caption as it appears herein in all future pleadings. A signed copy of this order will be placed in the file of Case No. 1:18-cv-00037-DCN.

DATED: February 26, 2018

_____
David C. Nye
U.S. District Court Judge